IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:26-CR-314-P |
| KHALWINDER SINGH BHENGURA | |

**BRIEF IN SUPPORT OF UNITED STATES' MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM PRESENTING LEGALLY INVALID DEFENSES**

# TABLE OF CONTENTS


Introduction ........ 1

Background ........ 3

Legal Standard ........ 7

Argument ........ 8

I. No valid mistake-of-law defense exists because neither charge Bhengura faces requires knowledge that voting by non-citizens is unlawful. ........ 9

II. Any assertion of an entrapment-by-estoppel defense must fail because Defendant cannot show that a federal agent with actual authority told him that he could vote. ........ 11

III. Claims of selective or vindictive prosecution are for the Court, not the jury. ........ 14

IV. The Court should prohibit Bhengura from presenting evidence and argument appealing to the jury's sympathy or mentioning potential punishment or consequences that might result from conviction. ........ 15

Conclusion ........ 16

Certificate of Service ........ 17

Certificate of Conference ........ 17

# TABLE OF AUTHORITIES

**Cases**

*Bryan v. United States*,
524 U.S. 184 (1998) ........ 12

*Kimani v. Holder*,
695 F.3d 666 (7th Cir. 2012) ........ 11

*Knapp v. U.S. Dep't of Agric.*,
796 F.3d 445 (5th Cir. 2015) ........ 10, 12

*Luce v. United States*,
469 U.S. 38 (1984) ........ 7

*United States v. Ahmadou*,
159 F.4th 936 (5th Cir. 2025) ........ 13

*United States v. Bailey*,
444 U.S. 394, 415 (1980) ........ 8

*United States v. Baker*,
2025 WL 1866022 (E.D. La. July 7, 2025) ........ 16

*United States v. Brooks*,
618 F.3d 667 (5th Cir. 2012) ........ 9

*United States v. Davis*,
690 F.3d 330, 340 (5th Cir. 2012) ........ 10

*United States v. Flores-Martinez*,
677 F.3d 699 (5th Cir. 2012) ........ 10

*United States v. Gole*,
158 F.3d 166 (2d Cir. 1998) ........ 8

*United States v. Ho,*
311 F.3d 589 (5th Cir. 2002) ........ 10, 12

*United States v. Hungerford*,
2023 WL 8179273 (5th Cir. Nov. 27, 2023) ........ 14

**TABLE OF AUTHORITIES**

*United States v. Int'l Minerals & Chem. Corp.*,
402 U.S. 558 (1971) .......... 12

*United States v. Knight*,
490 F.3d 1268 (11th Cir. 2007) .......... 10, 11

*United States v. Lee*,
208 F. App'x 352 (5th Cir. 2006) .......... 8

*United States v. Penn*,
969 F.3d 450 (5th Cir. 2020) .......... 9

*United States v. Santiago-Godinez*,
12 F.3d 722 (7th Cir. 1993) .......... 8

*United States v. Sepulveda*,
15 F.3d 1161(1st Cir. 1993) .......... 8

*United States v. Taylor,*
680 F.2d 378 (5th Cir. 1982) .......... 8

*United States v. Thompson*,
253 F.3d 700, 2001 WL 498430 (5th Cir. 2001) .......... 7

*United States v. Trevino-Martinez*,
86 F.3d 65 (5th Cir. 1996) .......... 13, 14

*United States v. Wilson*,
133 F.3d 251 (4th Cir. 1997) .......... 12

*United States v. Young*,
613 F.3d 735 (8th Cir. 2010) .......... 8

**Statutes**

18 U.S.C. § 611 .......... passim

18 U.S.C. § 1015(f) .......... passim

**Rules**

Federal Rule of Criminal Procedure 12(b)(3)(A) .......... 16

Federal Rules of Evidence 401 and 403 .......... 1

**TABLE OF AUTHORITIES**

Pattern Jury Instructions: Fifth Circuit (Criminal) §§ 1.04, 122 (2024) ........................... 17

## INTRODUCTION

The United States respectfully moves *in limine* for an order under Federal Rules of Evidence ("FRE") 401 and 403 barring Defendant Bhengura from introducing any evidence or argument of the following: (1) mistake of law, (2) entrapment by estoppel, (3) selective or vindictive prosecution, and (4) appeals aimed solely at jury sympathy, including evidence of possible punishment or consequences Defendant might face upon conviction. The posture of this case suggests a serious risk of jury nullification absent the Court's intervention. The evidence supporting the charges is conclusive: voting and voter registration documents clearly demonstrate that Defendant falsely claimed to be a citizen to register to vote and that he voted in the 2024 election; and Defendant, who speaks English, admitted to law enforcement in 2026 he was not a citizen, that he knew he was not a citizen, and that he had voted while being an alien. Given the seeming absence of any legitimate grounds for defense, it is no surprise that in a pair of recent interviews Bhengura's counsel seemingly previewed an intent to raise a slew of improper grounds at trial.

The Court should grant the motion on all four grounds. First, no valid mistake-of-law defense exists for the offenses for which Bhengura is charged. Neither voting by aliens in a federal election, 18 U.S.C. § 611, nor false statements of citizenship in order to register to vote, *id.* § 1015(f), requires proof that the defendant knew he was not permitted to vote. Any evidence that Bhengura did not know about the law's prohibitions would only confuse the jury and risk nullification.

Second, any claim Bhengura might make that he was "entrapped" into voting or registering to vote because a Texas agency or a state official misinformed him must fail as a matter of law. For the defense to apply, Bhengura would have had to have been affirmatively misled about the law by a federal official or agent with authority to give the advice. Because Bhengura cannot establish that any federal official or agent informed him he could vote or register to vote, and the only plausible persons he might claim misinformed him are state officials, he should be precluded from offering this invalid defense.

Third, claims of selective or vindictive prosecution have no place at trial, as they are issues that must be raised pre-trial solely to the Court. Bhengura should not be allowed to make the trial into circus by bringing politically charged claims that the prosecution has been brought for an improper purpose.

Finally, the Court should prohibit all attempts to directly or indirectly inject irrelevant pleas for sympathy into the trial, including efforts to elicit sympathy based on the potential punishment or consequences Bhengura faces if case. This case should not reflect the type of appeal seemingly previewed in defense counsel's recent interviews that stresses that Bhengura is a grandfather, he's purportedly worked so hard to get to America, and that he is scared to be deported. None of these claims has any place at trial, which should concern solely the law, relevant defenses, and the evidence concerning whether the law was violated.

## BACKGROUND

This case involves a simple set of facts conclusively establishing that the defendant Khalwinder Singh Bhengura voted in the 2024 election while being an alien and that he falsely declared himself to be a United States citizen in order to register to vote.

Bhengura was born in India and spent the first 66 years of his life there. In June 2022, he was granted lawful permanent resident status, making him a Green Card holder, and he arrived in America in August 2022. In December 2022, Bhengura applied for and was granted a Texas driver's license. In his application, he admitted he was not a United States citizen, as he checked the box for "no" in response to the questions "Are you a citizen of the United States?" and "If you are a U.S. citizen, would you like to register to vote?" APP002.

In January 2024, however, Bhengura registered to vote in Tarrant County using a Texas Voter Registration Application. APP005. Between December 2022 and January 2024, nothing had changed in Bhengura's immigration status, as he had not applied to become a citizen. On the Voter Registration form, he answered "yes" in response to the question "Are you a United States Citizen?" *Id.* He also signed his name directly below a statement affirming that he was a resident of Tarrant County and a U.S. Citizen and that he understood that it was a crime to procure a voter registration by giving false information:



10 I understand that giving false information to procure a voter registration is perjury, and a crime under state and federal law. Conviction of this crime may result in imprisonment up to one year in jail, a fine up to $4,000, or both. Please read all three statements to affirm before signing.

- I am a resident of this county and a U.S. Citizen;
- I have not been finally convicted of a felony, or if a felon, I have completed all of my punishment including any term of incarceration, parole, supervision, period of probation, or I have been pardoned; and
- I have not been determined by a final judgment of a court exercising probate jurisdiction to be totally mentally incapacitated or partially mentally incapacitated without the right to vote.

X

01 / 24 / 2024
Date

Signature of Applicant or Agent and Relationship to Applicant or Printed Name of Applicant if Signed by Witness and Date.

APP005. This application was mailed in and was processed by the state of Texas. At the time, Texas did not verify citizenship as a part of voter registration, and so Bhengura was successfully registered to vote based on his false representations that he was a citizen.

In July 2024, Bhengura—seemingly aware he was still an alien—apparently lost his Green Card, and he applied for a replacement card. Then in August 2024, Bhengura again registered to vote when he applied to modify his driver's license. On this form, he checked "yes" next to the boxes for "Are you a citizen of the United States?" and "If you are a U.S. citizen, would you like to register to vote?" APP007. By checking these boxes, he affirmed that "I understand that giving false information to procure a voter registration is perjury, and a crime under state and federal law" and that "I am a resident of [Tarrant] [C]ounty . . . and a U.S. citizen.":

YES NO

1. ✓ __ Are you a citizen of the United States? If no, go to question 3.

2. ✓ __ If you are a U.S. citizen, would you like to register to vote? If registered, would you like to update your voter information?

**I understand that giving false information to procure a voter registration is perjury, and a crime under state and federal law. Conviction of this crime may result in imprisonment up to one year in jail, a fine up to $4,000, or both. *PLEASE READ ALL THREE STATEMENTS TO AFFIRM BEFORE SIGNING.***

I am a resident of the county provided above, and a U.S. citizen; I have not been finally convicted of a felony, or if a felon, I have completed all of my punishment including any term of incarceration, parole, supervision, period of probation, or I have been pardoned; And I have not been determined by a final judgment of a court exercising probate jurisdiction to be totally mentally incapacitated or partially mentally incapacitated without the right to vote.

*By providing my electronic signature, I understand the personal information on my application form and my electronic signature will be used for submitting my voter's registration application to the Texas Secretary of State's office. Wanting to register to vote, I authorize the Department of Public Safety to transfer this information to the Texas Secretary of State.*

APP007. He also signed the application, affirming under oath that the statements in his application were true and correct:

**DO NOT SIGN BELOW UNTIL INSTRUCTED TO DO SO BY NOTARY PUBLIC OR DRIVER LICENSE EMPLOYEE.**

**CERTIFICATION**

I do solemnly swear, affirm, or certify that I am the person named herein and that the statements on this application are true and correct. I further certify my residence address is a *(select one)*: __ single family dwelling, X apartment, __ motel, __ temporary shelter. I agree to immediately report to the Texas Department of Public Safety any changes in my medical condition which may affect my ability to safely operate a motor vehicle. I further understand that I am required by law to report any change of name or address to the Department of Public Safety within thirty days.

X Signature of Applicant ____________ Date 08/01/2024

APP008.

On November 5, 2024, Bhengura voted in person for the general and special elections. He cast his ballot at the East Library and Recreation Center in Arlington, Texas.

In an interview conducted by HSI Special Agent Van Stephens in August 2026, Bhengura freely admitted he was not a citizen, that he knew he was not a citizen, and that he had voted in the 2024 election. APP011–APP012. He did, however, claim that his vote in 2024 had been "mistaken," as he said that a friend known only as "Brian" had told him that he could vote. APP012. "Brian" supposedly "told [him] to go [to the polling station] and see if they had [his] name or not, so [he] went, and they did. Then [he] voted." *Id.* Bhengura mentioned nothing about any state official telling him he could vote.

Bhengura is fluent in English. When he was interviewed by the case agent, the interview was conducted in English, and although Bhengura's wife did assist him in understanding a handful of phrases, he did not struggle with understanding questions such as whether he was a United States citizen. At his initial appearance, the United States requested a Punjabi interpreter out of an abundance of caution, but Bhengura answered the majority of the questions posed to him on the record without the need for an interpreter.

In September 2026, a grand jury charged Bhengura with voting by an alien in violation of 18 U.S.C. § 611 and false statements of citizenship in order to register to vote in violation of 18 U.S.C. § 1015(f).

Defense counsel Nicole Knox has given two interviews regarding Bhengura's case that preview the arguments he will likely attempt to make at trial. In the first interview, Knox described Bhengura as "terrified to face the government of the same nation that promised liberty and freedom." APP019. She reiterated this theme in the second interview, again claiming "he's terrified right now," but she also stated that her client "made an honest mistake." APP022. As to what this mistake was, she claimed that the "Department of Motor Vehicles form was translated only into English, Spanish and Vietnamese, so Bhengura had to ask someone what the other parts meant." APP023. And she claimed that "[w]hen a voter registration card arrived in the mail, . . . he believed it meant he was allowed to vote." *Id*. It appears, based on these interviews, that defense intends to claim that Bhengura made a mistake of law in concluding that he could vote that was brought on first by statements by state officials at the DMV in connection with his driver's license application and second by the state of Texas in issuing him a voter registration card. Finally, Knox asserted that

Bhengura had "worked so long and so hard to do it the right way" and that he "now faces possible deportation." APP023.

After a hearing on October 1, 2026, the United States approached defense counsel in person to seek her client's position on this motion *in limine*. Ms. Knox said her client might agree to parts of the United States' motion but could not give a full answer. The United States sent Ms. Knox an email later that day reiterating the topics discussed in the meet and confer and asked for Defendant's position. On October 5, the United States sent a second email asking Bhengura's position and attached the draft motion *in limine*. Bhengura's counsel replied by email on October 5 stating that her client opposed the motion, but in a phone conversation in the evening of October 5 Bhengura's counsel said she would go line-by-line in assessing the motion *in limine* to see if there would be any issues that would be unopposed. Despite emails and an attempted phone call on October 6, no response was received, and the United States informed Ms. Knox that this motion would be filed on October 7.

## LEGAL STANDARD

*In limine* rulings have "developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* should be granted when the presentation of irrelevant evidence or argument risks inviting jury nullification. *See United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, at *16 (5th Cir. 2001) (unpublished table opinion). "Jury nullification is not a 'right' belonging to the defendant," *id.*, and a "trial judge may block defense attorney's attempts to serenade a jury with the siren song of nullification," *id.* (cleaned up and quoting *United*

*States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993)). "A judge has wide discretion to control the material presented by counsel" in arguments to the jury, and may preclude presentation of "baseless" legal theories. *United States v. Taylor,* 680 F.2d 378, 380 (5th Cir. 1982) .

"The legal sufficiency of a proffered defense is a question of law." *United States v. Lee*, 208 F. App'x 352, 353 (5th Cir. 2006).[1] If a defendant cannot proffer legally sufficient evidence of each element of an affirmative defense, then he is not entitled to present evidence in support of that defense at trial. *See United States v. Bailey*, 444 U.S. 394, 415–16 (1980) ( "the trial court and jury need not be burdened with testimony supporting other elements" if defendant fails to establish one element of defense); *accord United States v. Penn*, 969 F.3d 450, 457 (5th Cir. 2020) (evidence of affirmative defense is "irrelevant" if defendant fails to make "threshold showing" as to each element of the defense). And a court need not give an instruction on a defense theory unless "there exists evidence sufficient for a reasonable jury to find in the defendant's favor." *United States v. Brooks*, 618 F.3d 667, 678 (5th Cir. 2012) (cleaned up and citation omitted).

## ARGUMENT

The Court should grant the motion *in limine* for four reasons. First, neither Section 611 nor Section 1015(f) require proof of specific intent to violate the prohibition on non-citizens voting or registering to vote, and thus evidence regarding Bhengura's claimed confusion is irrelevant and would serve only as a basis for jury nullification. Second, any

[1] *Accord United States v. Santiago-Godinez*, 12 F.3d 722, 726 (7th Cir. 1993); *United States v. Gole*, 158 F.3d 166, 168 (2d Cir. 1998); *United States v. Young*, 613 F.3d 735, 744 (8th Cir. 2010).

affirmative defense of entrapment by estoppel must fail because no federal agent with actual authority could have or did tell Bhengura he was permitted to vote. Third, any assertion of selective or vindictive prosecution that would smear the prosecution as racially or politically motivated may only be raised pre-trial to the judge and is not for the jury. Fourth, all evidence and argument designed purely to elicit the jury's sympathy—including those based on the possible criminal or immigration consequences that Bhengura might face is convicted, any evidence about the alleged fear that he feels about these consequences—is irrelevant and impermissible.

## I. No valid mistake-of-law defense exists because neither charge Bhengura faces requires knowledge that voting by non-citizens is unlawful.

It is a "deeply-rooted common law principle . . . that ignorance of the law provides no defense to its violation." *Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445, 467 (5th Cir. 2015) (citation omitted). This maxim as "strongly embedded in our legal system," *United States v. Ho,* 311 F.3d 589, 605 (5th Cir. 2002), and the Fifth Circuit held that a "mistake-of-law defense may be allowed only where the crime charged is a specific intent crime." *United States v. Davis*, 690 F.3d 330, 340 (5th Cir. 2012); *see, e.g.*, *United States v. Flores-Martinez*, 677 F.3d 699, 712 (5th Cir. 2012) ("[T]he crime of illegal reentry is not a specific intent crime, and a mistake of law is thus not a defense.").

The two circuits who have construed voting by aliens, 18 U.S.C. § 611, have concluded that it is a general intent crime that does not require proof that the defendant knew of the law's prohibition on non-citizen voting. *See United States v. Knight*, 490 F.3d 1268, 1270 (11th Cir. 2007) ("Section 611 is a constitutional general intent crime.");

*Kimani v. Holder*, 695 F.3d 666, 669 (7th Cir. 2012) ("a conviction under § 611(a) does not depend on proof that the alien knew that voting is forbidden"). This is because the statute omits terms "such as 'intentional,' 'knowing,' or 'willful,'" and thus under ordinary principles of statutory interpretation this means it requires only general intent. *Knight*, 490 F.3d at 1270. The only elements of an offense under Section 611 are that: (1) the Defendant knew he was an alien; (2) the defendant knowingly voted in an election; and (3) that one purpose of the election was to elect a candidate for a federal office. *See* APP027. Any evidence as to Bhengura's alleged confusion as to whether he could vote is therefore irrelevant and could serve only to fuel jury nullification.

Although the United States is unaware of relevant authority analyzing the mens rea specifically of an offense under 18 U.S.C. § 1015(f), Fifth Circuit authority analyzing similar language supports that it too does not require proof that the defendant knew of the law's prohibition of non-citizen voting. In relevant part, the statute provides that "[w]hoever knowingly makes any false statement or claim that he is a citizen of the United States in order to register to vote or to vote in any Federal, State, or local election" is guilty of an offense. *Id.* As to the word "knowingly," it is black letter law that this does not create a requirement of knowledge of the law. As the Fifth Circuit has explained for statutes that contain even stronger language requiring a "knowing violation" of a statute, "unless the text of a statute *dictates* a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Ho*, 311 F.3d at 605 (quoting *Bryan v.*

*United States*, 524 U.S. 184, 193 (1998)).[2] In other words, the only requirements "requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.'" *Id.* Consequently, Bhengura would be guilty, even if he lacked knowledge that he could not lawfully register to vote or actually vote, of an offense under Section 1015(f) if he (1) knew that he was a non-citizen, (2) was aware that he claimed to be a citizen, and (3) that he was doing so to register to vote for an election. As a result, any evidence he might present that he was unaware of the law's prohibitions should be excluded.

## II. Any assertion of an entrapment-by-estoppel defense must fail because Defendant cannot show that a federal agent with actual authority told him that he could vote.

Any claim Bhengura might make that he was "entrapped" into committing his offenses because a Texas state agency or a Texas official misinformed him of the law or lulled him into believing he could vote must fail because no federal agent with actual authority could have made such statements to Bhengura. Entrapment by estoppel "is a narrow exception to the general rule that ignorance of the law is no excuse and is based on fundamental fairness concerns of the Due Process Clause." *United States v. Ahmadou*, 159 F.4th 936, 942 (5th Cir. 2025). To establish an entrapment-by-estoppel claim, a defendant must show reasonable "reliance either on a federal government official empowered to

---

[2] *See also Knapp*, 796 F.3d at 467 ("The determination that Knapp's violations were "knowing" requires only that Knapp knew the facts that constituted the unlawful conduct."); *United States v. Int'l Minerals & Chem. Corp*., 402 U.S. 558, 559, 563 (1971) (holding that the phrase "knowingly violates [applicable regulations]" required knowledge of the facts that constituted the violation, but not knowledge of the regulations); *United States v. Wilson*, 133 F.3d 251, 262 (4th Cir. 1997) ("[W]e cannot conclude that Congress intended to require the defendant to know that his conduct was illegal when it stated that 'Any person who knowingly violates [provisions of the Clean Water Act] ... shall be punished.'").

render the claimed erroneous advice, or on an authorized agent of the federal government who has been granted the authority from the federal government to render such advice." *Id.* A "mere failure to inform" a defendant of the law "does not trigger the defense." *Id.* at 943. Instead, the United States must "actively mislead the defendant by inducing him to rely on an affirmative misrepresentation of the law by the government official." *Id.* at 942 (cleaned up)

Bhengura's claim that he was lulled into voting because "[w]hen a voter registration card arrived in the mail, . . . he believed it meant he was allowed to vote," APP023, is very similar to a defense that the Fifth Circuit rejected in *United States v. Trevino-Martinez*, 86 F.3d 65, 69 (5th Cir. 1996). There, a defendant charged under Section 1326 claimed that he was entrapped into reentering the country after he was erroneously issued a non-immigrant visa. *Id.* The Fifth Circuit first explained that merely issuing a government document in error does not "affirmatively misrepresent[ ] as legal" the defendant's unlawful acts. *Id.*; *see also United States v. Hungerford*, No. 21-30359, 2023 WL 8179273, at *8 (5th Cir. Nov. 27, 2023) ("mere approval by a government official is insufficient to entitle defendants to an estoppel defense"). The Fifth Circuit added that because the defendant had not given government officials material information—there, information about prior arrests and deportations—he "could not have reasonably relied on the consulate's 'misrepresentations' of his actions as legal." *Trevino-Martinez*, 86 F.3d. at 70.

Any similar claim Bhengura could make about the issuance of a voter registration card is insufficient as a matter of law. Nothing about receiving a voter registration card affirmatively misleads by stating it is legal for non-citizens to vote. And Bhengura lied in

calling himself a United States citizen when he registered to vote in January 2024. APP005. Thus, because he provided the state officials with false information, he cannot claim to "have reasonably relied on the [the state of Texas's] 'misrepresentations' of his actions as legal." *Trevino-Martinez*, 86 F.3d at 70.

For any other claim that Bhengura could make as to alleged misstatements of the law he might have received from state officials, they must fail because he cannot establish that these statements were made by federal agent with actual authority to give such advice. The Fifth Circuit has been stringent in rejecting entrapment-by-estoppel defenses that do not involve federal officials or agents. It has repeatedly held that the defense does not apply where "a defendant relies on a *state* official's assurances to his detriment under *federal* law." *United States v. Viola*, 768 F. App'x 238, 240 (5th Cir. 2019) (citing *United States v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996) (task force officer whose task force received federal funds was "not an authorized federal government agent" for purposes of federal drug trafficking laws); *United States v. Hale*, 685 F.3d 522, 542–43 (5th Cir. 2012) (per curiam) (similar)). It has likewise even rejected defenses involving claims that federally licensed firearm dealers are federal officials for purposes of the defense. *Ahmadou*, 159 F.4th at 944 ("Federal regulations of government contractors do not convert the acts of entrepreneurs or of state governmental bodies into federal governmental acts."). Similarly here, because the only possible persons Bhengura could have interacted with at the Texas DMV or at a polling place would be state officials, he cannot show that any federal agents with actual authority who could have misdirected him. Thus, all evidence regarding an entrapment-by-estoppel defense should be excluded.

## III. Claims of selective or vindictive prosecution are for the Court, not the jury.

Any evidence Bhengura might present to smear the prosecution before the jury by claiming imagined improper prosecutorial motivations, including racial or political motives, should be excluded because any claim "regarding selective prosecution must be raised with the Court before trial and should not be presented to the jury." *United States v. Baker*, No. CR 24-99, 2025 WL 1866022, at *4 (E.D. La. July 7, 2025). Federal Rule of Criminal Procedure 12(b)(3)(A) provides that a claim of "selective or vindictive prosecution" must be "raised by pretrial motion if the basis for the motion is then reasonably available." As the Supreme Court has held, a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Every circuit to consider the matter has held that such evidence is not for the jury. *See, e.g.*, *United States v. Abboud*, 438 F.3d 554, 579–80 (6th Cir. 2006) ("a 'defense' of selective prosecution is a matter for the court, not the jury," and affirming district court's grant of motion *in limine* for selective prosecution evidence).[3] The Court should prohibit Bhengura from offering evidence of or making

[3] *United States v. Clay*, 618 F.3d 946, 956 (8th Cir. 2010) ("[T]he selective prosecution of a criminal defendant is not an issue for the jury to decide. Rather, the district court should consider the matter before trial."); *United States v. Berrigan,* 482 F.2d 171, 175 (3d Cir. 1973) ("By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to instructions of law delivered by the court. The question of discriminatory prosecution relates not to the guilt or innocence of appellants, but rather addresses itself to a constitutional defect in the institution of the prosecution."); *see also United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (government's exercise of prosecutorial discretion is not proper subject for cross-examination pursuant to Federal Rule of Evidence 403).

accusations during trial—such as claiming that the prosecution is a part of President Donald Trump's allegedly illegitimate efforts to root out voter fraud—that the prosecution is motivated by an improper purpose.

**IV. The Court should prohibit Bhengura from presenting evidence and argument solely appealing to the jury's sympathy or mentioning potential punishment or consequences that might result from conviction.**

Finally, the United States seeks to exclude evidence and argument about the potential penalties Defendant faces if convicted at trial, any claimed hardships his conviction would place upon his family or third parties, or other evidence and arguments designed to appeal to the jury's sympathy that are untethered to the elements of the offenses. There appears to be a live risk that defense counsel might seek to inject these issues into trial, either by claiming that the defendant is "terrified" by the prosecution or by stressing that he may lose what he gained by working so hard to get to the United States. *See* APP023.

"[T]he jury [has] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975) ("Information regarding the consequence of a verdict is therefore irrelevant to the jury's task.").The Fifth Circuit's Pattern Instructions 1.04 and 1.22 tell the jury to disregard sympathy, the consequences of the verdict, and potential punishment. Pattern Jury Instructions: Fifth Circuit (Criminal) §§ 1.04, 1.22 (2024). Because any evidence or argument alluding to possible punishment or consequences, including deportation, has no probative value for any element at issue, it should be excluded as irrelevant and more prejudicial than probative. Likewise, any presentation of evidence at trial for the purpose

of eliciting sympathy, such as by describing Bhengura's family or living situation, should also be excluded.

## CONCLUSION

Should this case go to trial, the only relevant evidence concerns whether the Defendant is guilty of voting while being an alien and making false claims of citizenship in order to vote. Because the defenses that Bhengura has hinted he might raise and the emotional appeals he indicates he wants to make are irrelevant and unfairly prejudicial, the Court should prohibit them. Therefore, the United States respectfully requests an order barring Defendant for presenting evidence at argument on the following: (1) mistake of law, (2) entrapment by estoppel, (3) selective or vindictive prosecution, and (4) appeals aimed solely at jury sympathy, including evidence of possible punishment or consequences Defendant might face upon conviction.

Dated: October 7, 2026

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

*s/ Matthew Capoccia*
MATTHEW CAPOCCIA
Assistant United States Attorney
Texas State Bar No. 24121526
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Email: matthew.capoccia@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means. A courtesy copy of the filed motion has also been emailed to the above-mentioned defense counsel.

*s/ Matthew Capoccia*
Matthew Capoccia
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the government conferred regarding the relief requested in this motion with counsel for Defendant on October 1, October 5, and October 6, 2026, and sent a copy of the brief in support for review on October 5. Defendant's counsel confirmed Bhengura opposes this motion.

*s/ Matthew Capoccia*
Matthew Capoccia
Assistant United States Attorney