UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**UNITED STATES OF AMERICA,**

Plaintiff,

v. **No. 4:26-cr-00314-P**

**KHALWINDER SINGH BHENGURA,**

Defendant.

# ORDER

Before the Court is Defendant's Motion for Leave to File Motion to Dismiss, ECF No. 52, and Defendant's Motion to Dismiss. ECF No. 54. Having considered the filings, the Motion, and the applicable law, Defendant's Motion for Leave, ECF No. 52, is **GRANTED**, and the Motion to Dismiss, ECF No. 54, is **DENIED**.

Defendant is charged with two counts of falsely claiming U.S. citizenship to register to vote, 18 U.S.C. § 1015(f), and one count of voting as an alien in a federal election, 18 U.S.C. § 611. ECF No. 32. Trial is set for October 23, 2026. ECF No. 37. On October 21, less than 36 hours before trial, Defendant moved for leave to file a Motion to Dismiss as to Count Three. ECF No. 52. The deadline for pre-trial motions was September 28. ECF No. 13. Defendant simultaneously filed the Motion to Dismiss, ECF No. 54, arguing that 18 U.S.C. § 611 is unconstitutional as applied to Mr. Bhengura.

Defendant argues that leave to file the motion is supported by good-cause. After all, Defendant argues, the authority on which the motion rests did not exist on the deadline. ECF No. 52 at 2. That is because it was not until October 1—three days after the pre-trial motions deadline—that the United States District Court for the Southern District of Florida held that § 611 is unconstitutional as applied and dismissed a § 611 charge. *United States v. Cox*, No. 0:25-cr-60249, 2026

U.S. Dist. LEXIS 225387, at *40 (S.D. Fla. Oct. 1, 2026), *appeal filed* (11th Cir. Oct. 2, 2026). True enough, Defendant could not have cited a decision that was issued after the deadline. But nothing prevented Defendant from making those arguments before the deadline,[1] nor from moving for leave any time in the past three weeks. Nevertheless, in light of Defendant's difficulty with counsel, the Court gives Defendant the benefit of the doubt and considers the Motion to Dismiss, ECF No. 54.

It does not make any difference. Defendant moves to dismiss Count Three, arguing that 18 U.S.C. § 611 exceeds Congress's power as applied to him because the Constitution leaves voter qualifications to the States. He relies on *United States v. Cox*, a decision that does not bind this Court and is on appeal. Defendant identifies no other court that has adopted this reasoning, and Courts have applied the statute for years without questioning its validity. *See, e.g. United States v. Knight*, 490 F.3d 1268, 1270–71 (11th Cir. 2007) (affirming § 611 conviction and rejecting due-process challenge); *Fitzpatrick v. Sessions*, 847 F.3d 913 (7th Cir. 2017) (holding that a § 611 violation does not require proof that the alien knew the voting was unlawful). Courts invalidate an Act of Congress "only upon a plain showing that Congress exceeded its constitutional bounds." *United States v. Morrison*, 529 U.S. 598, 607 (2000). A single out-of-circuit, on-appeal, as-applied ruling offered at the 11th hour is not that showing.

Accordingly, the Motion to Dismiss, ECF No. 54, is **DENIED**.

**SO ORDERED** on this **22nd day of October 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[1] At least five defendants throughout the United States filed motions to dismiss before the *Cox* decision raising the same argument Defendant seeks to make. *See* Tom Hals, Noncitizens Accused of Illegal US Voting Challenge Trump's Authority to Prosecute Them, Reuters (Sept. 15, 2026), available at https://www.reuters.com/legal/government/noncitizens-accused-illegal-us-voting-challenge-trumps-authority-prosecute-them-2026-09-15/ (observing in September 15 article that five defendants had challenged Section 611 in pending cases throughout the United States); *e.g.*, *United States v. Valdez*, No. 3:25-mj-00148 (W.D. Wis. Mar. 3, 2026), ECF No. 19; *United States v. Cox*, No. 0:25-cr-60249 (S.D. Fla. Apr. 9, 2026), ECF No. 30; *United States v. Murillo*, No. 3:26-mj-00004 (W.D. Wis. Apr. 27, 2026), ECF No. 15; *United States v. Sylvestre*, No. 1:26-cr-20081 (S.D. Fla. Apr. 28, 2026), ECF No. 20; *United States v. Murray*, No. 1:26-cr-20104 (S.D. Fla. July 20, 2026), ECF No. 17.